FRANCISCO RAMOS, demandante y apelante, *v.* ROSA y URSELIO QUIÑONES y MARÍA C. STELA DE NIDO, demandados y apelados.

Núm. 7670.—*Sometido:* Julio 14, 1939. *Resuelto:* Enero 19, 1940.

 

 

*Dubón & Ochoteco,* abogados del apelante; *Heriberto Torres Solá,* abogado de los apelados.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El demandante Francisco Ramos es dueño de una finca urbana que colinda por su fondo, norte, con las fincas de los demandados. Es un hecho admitido por ambas partes que la finca del demandante ocupa la posición de predio superior en relación con las fincas de los demandados; pero niegan los demandados Rosa y Urselio Quiñones que su finca esté sujeta a recibir las aguas que naturalmente desciendan del predio superior, como pretende el demandante. Los demandados se han negado a dar paso a las aguas procedentes de la finca del demandante y han construído una pared en el lindero entre ambas fincas, impidiendo así el paso de las aguas, las cuales se estancan en el solar del demandante. Éste pide en su demanda que se condene a los demandados a constituir servidumbre legal de aguas sobre su finca, a favor de la del demandante.

Alegan los demandados en su contestación que los tres solares envueltos en este litigio forman parte de una urbanización y se encuentran edificados, así como todos los demás solares que con ellos colindan; que sobre el solar del demandante hay enclavada una casa y *garage* de concreto, con pavimentación de parte del patio y muros en las líneas laterales del solar; que con motivo de tales edificaciones, las aguas pluviales que sobre el solar del demandante se recogen ''no discurren naturalmente y por el contrario su curso y recogimiento están influídos y afectados por la mano del hombre''; que el demandante viene obligado a construir en su predio las obras necesarias para impedir el estancamiento de las aguas en el mismo, y de no ser posible podía exigir de acuerdo con el artículo 595 del Código Civil Revisado

(art. 524, ed. 1930) la constitución de una servidumbre de desagüe, previa la indemnización correspondiente.

La Corte de Distrito de San Juan sostuvo la contención de los demandados y dictó sentencia a favor de éstos. Apeló el demandante, imputando a la corte inferior la comisión de tres errores, los cuales pueden consolidarse así:

La corte inferior erró al resolver que los derechos de las partes litigantes deben regularse por las disposiciones del artículo 524 y no por las del artículo 488 del Código Civil (ed. 1930), por ser las últimas aplicables exclusivamente a predios rústicos.

El artículo 488 del Código Civil (ed. 1930) lee así:

"Los predios inferiores están sujetos a recibir las aguas *que naturalmente y sin obra del hombre* descienden de los predios superiores, así como la tierra o piedra que arrastran en su curso.

"Ni el dueño del predio inferior puede hacer obras que impidan esta servidumbre, ni el del superior obras que la agraven." (Bastardillas nuestras.)

En sus Comentarios al artículo 552 del Código Civil español, que es el equivalente del 488 del nuestro, dice Manresa:

"Según el texto expreso del Código, en su artículo 552 se habla de las aguas que *naturalmente y sin obra del hombre* descienden de los predios superiores a los inferiores; *la condición fundamental es que las aguas desciendan por sí de un modo natural, de predio a predio,* lo cual implica que el agua surja o caiga naturalmente por los fundos. Infiérese de aquí que la servidumbre se establece para todas las aguas que reúnan las condiciones, sean aguas procedentes de las lluvias, y que por sí mismas se deslizan o arrollan, sean procedentes de fuentes naturales, de filtraciones y deshielos; *con lo cual quedan excluídas todas las aguas alumbradas intencionalmente, o intencionalmente recogidas.*" Tomo 4, pág. 683. (Bastardillas nuestras.)

La servidumbre que establece el artículo 488, supra, es una servidumbre natural, nacida de la situación natural de los predios. El agua que cae sobre el predio superior, siempre que corra naturalmente, debe ser recibida por el predio inferior, sin que el dueño de éste tenga el derecho de impedirlo. Esa limitación de uno de los atributos de la propie-

dad, del derecho a excluir de ella a todos los demás, es lo que constituye la servidumbre.

Asumiendo que las disposiciones del artículo 488, supra, sean aplicables a predios urbanos, ¿podría decirse, en el caso de autos, que las aguas de lluvia que caen sobre el solar del demandante *descienden naturalmente y sin obra del hombre* hacia el solar de los demandados y que éstos tienen la obligación de recibirlas? Seguramente que no. Los predios envueltos en este litigio no se encuentran ya en la situación natural original en que se encontraban antes de construirse las casas, *garages,* pavimentos y muros que según la prueba aducida por el propio demandante existen en la actualidad sobre su solar. No erró la corte sentenciadora al resolver que el artículo 488, supra, no es la ley reguladora del presente caso.

 El artículo 524 del Código Civil (ed. 1930), que es el equivalente del 588 del Código Civil español, dispone:

"Cuando el corral o patio de una casa se halle enclavado entre otras, y no sea posible dar salida por la misma casa a las aguas pluviales que en él se recojan, podrá exigirse el establecimiento de la servidumbre de desagüe, dando paso a las aguas por el punto de los predios contiguos en que sea más fácil la salida, y estableciéndose el conducto de desagüe en la forma que menos perjuicio ocasione al predio sirviente, previa la indemnización que corresponda."

En sus Comentarios al artículo 588, dice Manresa:

". . . Trátase, en efecto, de una servidumbre que se impone forzosamente por razones análogas a la de paso; así como un predio aislado exige el paso para que su destino económico sea posible, así el patio o corral de una casa en donde se recogen las aguas pluviales que no tienen salida por la casa misma, exige el desagüe a través del predio interpuesto entre la vía pública y aquél. En cierto sentido es éste un modo de gozar y de sufrir la servidumbre de aguas, derivado de la situación de los lugares, aunque no sea una situación completamente natural.

"El artículo habla concretamente de patio o corral de una casa; pero claro es que no alude exclusivamente y de un modo estricto a éstos, y que, por tanto, la servidumbre puede imponerse también en

beneficio de un jardín o de un huerto colocado en las condiciones del art. 588.

"Para la imposición de la servidumbre de desagüe es preciso tener en cuenta lo siguiente:

"1. Que el corral o patio de la casa se halle enclavado entre otros, no siendo posible dar salida a las aguas de las lluvias—y sólo de las lluvias, no, por ejemplo, de una industria—, que en él caigan directamente o de la casa misma.

"2. Que la salida o desagüe ha de darse: (a) por el punto más fácil, y (b) estableciendo el conducto de salida en la forma que menos perjuicios ocasione el predio sirviente.

"3. Que ha de preceder la correspondiente indemnización.

"Las obras han de hacerse a costa del dueño del predio dominante, según las exigencias ordinarias de la servidumbre, pudiendo el dueño del sirviente hacer todas aquellas obras de defensa y aprovechamiento de su propiedad que no impidan el uso normal de la servidumbre."

Véase: *González* v. *Calderón*, 51 D.P.R. 152.

Convenimos con la corte inferior en que la ley reguladora de los derechos respectivos de los litigantes es el artículo 524, supra. Y no habiéndose presentado evidencia alguna que permitiera determinar el sitio preciso por donde los demandados debían dar paso a las aguas procedentes del predio del demandante y fijar la indemnización previa que debía pagar el demandante al demandado, la corte sentenciadora procedió correctamente al dictar la sentencia recurrida, *la cual debe ser confirmada.*

Los Jueces Asociados Señores Hutchison y De Jesús no intervinieron.